UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANTONIO ALLS,

    Petitioner,

                      Case No. 8:14-CV-1546-T-27EAJ
                             8:06-CR-460-T-27EAJ

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

This cause comes on for consideration of Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (CV-D-1; CR-D-321), and his Memorandum is Support (CV-D-2; CR-D-322). Because review of "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the Court will not cause notice of the motion to be served upon the United States Attorney but shall proceed to address the matter. See 28 U.S.C. § 2255(b).

Petitioner was charged in a Second Superseding Indictment with conspiracy to possess with the intent to distribute and to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A)(ii) (Count One), attempting to possess with the intent to distribute five

kilograms of more of cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A)(ii) (Count Two), and conspiracy to possess with the intent to distribute a mixture of substance containing a detectable amount of marijuana in violation of 21 U.S.C. § 846 (Count Three). On January 11, 2007, months prior to the trial in this case, the Government filed its Information and Notice of Prior Convictions pursuant to 21 U.S.C. § 851. (Cr-D-76.) Therein, the Government advised that Petitioner was subject to an enhancement of the applicable mandatory minimum term of imprisonment to life imprisonment pursuant to 21 U.S.C. § 841(b)(1)(A)(vii), which provides that, "If any person commits a violation of this subparagraph...after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release and fined in accordance with the preceding sentence...."

A jury found Petitioner guilty of Counts One and Two of the Second Superseding Indictment but not guilty of Count Three. On March 5, 2008, the Court sentenced Petitioner to a statutory mandatory term of life imprisonment. Petitioner appealed. The Eleventh Circuit affirmed Petitioner's

convictions and sentence on December 24, 2008. The United States Supreme Court denied Petitioner a writ of certiorari on April 27, 2009.

On June 16, 2014, Petitioner filed his § 2255 motion. Petitioner claims that the Court did not have jurisdiction to sentence him to life imprisonment. Specifically, he claims that his prior felony drug convictions pursuant to Fla. Stat. § 893.13 do not support an enhanced sentence under § 841(b)(1)(A) because § 893.13 is a strict liability offense that does not require mens rea. He further claims that he is actually innocent of the sentencing enhancement. Finally, Petitioner argues that his counsel was ineffective in failing to previously raise this issue at sentencing and on direct appeal. Petitioner seeks to be resentenced without the statutory sentencing enhancement.

There is a one-year statute of limitations period on the filing of all non-capital habeas petitions and motions attacking sentence in federal courts. 28 U.S.C. § 2255(f). Unless one of the three exceptions applies as provided in § 2255(f)(2)-(4), the statutory period begins to run on "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). A conviction is "final" when the Supreme Court denies a petition for writ of certiorari. <u>Clay v.</u>

United States, 537 U.S. 522, 527 (2003).

Petitioner's conviction became final on April 27, 2009 when the Supreme Court denied him a petition for writ of certiorari. He had one year from that date, until April 27, 2010, to file a § 2255 motion. Therefore, unless he can show one of the exceptions applies, Petitioner is time-barred because he filed the instant § 2255 motion on June 16, 2014, which is clearly past the one-year deadline from the date on which his conviction became final.

Petitioner contends that his motion is timely under § 2255(f)(3). Section 2255(f)(3) provides that the statute of limitations runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Petitioner relies on Descamps v. United States, --- U.S. ----, 133 S.Ct. 2276 (2013), in support of his claim. Alternatively, he claims he is entitled to equitable tolling due to his "actual innocence."

In Descamps, the Supreme Court addressed whether a prior conviction under the California burglary statute qualified as a "violent felony" under the residual clause of the Armed Career Criminal Act. The Supreme Court clarified that the modified categorical approach could not be applied to indivisible statutes

4

that criminalize a broader range of conduct than the ACCA. <u>Descamps</u>, 133 S.Ct. at 2293.

<u>Descamps</u> has not been found to apply retroactively on collateral review. <u>Johnson v. United States</u>, Case Nos. 8:14-CV-1139-T-30EAJ; 8:03-CR-184-T-30EAJ, 2014 WL 2215772, at * 2 (M.D. Fla. May 27, 2014). Furthermore, <u>Descamps</u> does not apply in this case as Petitioner was not sentenced under the ACCA based upon a "violent felony"; rather, his sentence was enhanced under § 841(b)(1)(A) in light of his two prior convictions for "felony drug offenses." As such, Petitioner cannot avail himself of a delayed start to the one-year limitation under § 2255(f)(3), and his motion is untimely.

Petitioner argues in the alternative that his claim of actual innocence entitles him to equitable tolling. The district court may consider an untimely § 2255 motion "if, by refusing to consider the [motion] for untimeliness, the court thereby would endorse a 'fundamental miscarriage of justice' because it would require that an individual who is actually innocent remain imprisoned." <u>San Martin v. McNeill</u>, 633 F.3d 1257, 1267-68 (11th Cir.) (citation omitted), <u>cert. denied</u>, 132 S.Ct. 158 (2011). The actual innocence exception is inapplicable here, however.

The actual innocence exception does not apply to claims

5

of legal innocence. <u>McKay v. United States</u>, 657 F.3d 1190 (11th Cir. 2011), <u>cert. denied</u>, 133 S.Ct. 112 (2012). The court explained:

> McKay makes the purely *legal* argument that he is actually innocent of his career offender sentence because his prior conviction for carrying a concealed weapon should not have been classified as a "crime of violence" under the Guidelines. McKay does not even suggest, because he cannot, that he did not actually commit the crime of carrying a concealed weapon. In other words, he makes no claim of *factual* innocence of the predicate offense. No circuit court has held that the actual innocence exception is available for claims of purely legal innocence, like McKay's, and we refuse to do so as well.

<u>McKay</u>, at 1199.

More recently, the court in <u>Hill v. United States</u>, --- Fed. Appx. ----, 2014 WL 2722534, at * 2 (11th Cir. April 4, 2014)[1], found that the district court did not error in denying the prisoner's § 2255 motion as procedurally defaulted. The Eleventh Circuit found that the prisoner's claim that he was legally innocent of a "violent felony" for purposes of an enhancement sentence under the ACCA did not satisfy the actual innocence exception. <u>Id.</u>

Similarly, Petitioner does not contend that he did not

---

[1] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." CTA11 Rule 36-2.

commit the Florida drug offenses. Rather, Petitioner disputes the legal classification of those offenses as "felony drug offenses" under § 841(b)(1)(A). The actual innocence exception does not apply to such a claim and does not excuse the procedural deficiency caused by Petitioner's failure to timely file his § 2255 motion. Hill, at *2.

IT IS ORDERED that:

(1) Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Cv-D-1; Cr-D-321) is DISMISSED as untimely.

(2) The Clerk is directed to CLOSE the civil case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue … only if the applicant has made a substantial showing of the denial of a

constitutional right." Id. at § 2253(c)(2). To make such a showing, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

DONE AND ORDERED at Tampa, Florida this 10th day of July, 2014.

_____
WILLIAM J. CASTAGNA
SENIOR UNITED STATES DISTRICT JUDGE